OPINION
{¶ 1} Appellant Hartford Fire Insurance Company appeals a judgment of the Stark County Common Pleas Court finding appellees Daniel J. Russell, Jr. and the City of Avon immune from liability for an automobile accident in which Glen Pelc, appellant's insured, was injured:
 {¶ 2} "The Trial Court Erred In Granting Summary Judgment To Appellees, And In Concluding That Daniel J. Russell, Jr. And The City Of Avon Were Immune Under R.C. section 2744.02 and Section 2744.03 from All Claims Asserted Against Them.
 {¶ 3} "The Trial Court Erred In Denying Appellant's Motion To Vacate The Order Dated March 25, 2003."
 {¶ 4} Appellee Russell was hired as a part-time fireman for the City of Avon on May 27, 1997. He was certified as an emergency medical technician. The City's firefighters and EMS technicians are provided with a pager in order to receive emergency calls. When paged, all available firefighters are expected to respond and treat the message as an emergency. The firefighters respond to these alarms in their personal vehicles, some of which are equipped with lights and a siren. All firefighters are informed that when they respond to an emergency alarm in a vehicle not equipped with lights and a siren, they are required to obey all traffic laws en route.
 {¶ 5} On March 4, 1998, appellee Russell was at his home when he was paged with an emergency call that a man in a ditch had apparently stopped breathing. He responded to the emergency in his personal vehicle, which was not equipped with lights and a siren. As he approached the emergency scene, he slowed to fifteen miles per hour, and saw two men standing on the opposite side of the road looking down in the ditch. He could see the feet of a person in the ditch, and he slowed his speed to five miles per hour. He attempted to turn left in the driveway next to the man in the ditch, and his vehicle collided with the vehicle of Pelc, who was on his way to work. Appellee Russell turned left in front of Pelc's vehicle, without using his turn signal.
 {¶ 6} Pelc filed this action in September of 2001, against appellant for declaratory judgment and breach of contract. The nature of the claims asserted were Pontzer claims, in which Pelc sought underinsured/uninsured coverage from his employer's insurance. In November of 2001, Hartford brought a counterclaim against Pelc for declaratory judgment and breach of contract, and filed a third-party complaint against Russell and the City of Avon seeking indemnification and set-off. All parties moved for summary judgment.
 {¶ 7} In February of 2002, Pelc filed an amended complaint, naming Russell and the City of Avon as defendants. In addition to reasserting his counterclaim, appellant filed a cross-claim against Russell and the City, which they claimed was actually a subrogation claim. On April 15, 2002, the trial court issued a summary judgment granting Pelc declaratory judgment with respect to the commercial auto and umbrella policies with appellant, and denying the first motion for summary judgment by appellees as against appellant's third party claim.
 {¶ 8} Appellees appealed the court's denial of their summary judgment motion to this court. They argued that they were entitled to statutory immunity pursuant to R.C. 2744.01, that Hartford lacked standing to bring its indemnification and contribution claims, and that Hartford's subrogation claim was barred by immunity. This court affirmed in part and reversed in part, and remanded the matter to the trial court to determine whether appellees were immune from liability.
 {¶ 9} On remand, the trial court granted summary judgment to appellees holding that they were immune from liability and from any subrogation claims pursuant to R.C. 2744. Appellant appealed the trial court's decision to grant summary judgment to appellees, and also appealed the court's denial of its motion to vacate, in which appellant claimed that the court was without jurisdiction to enter the summary judgment, as the time for appeal to the Ohio Supreme Court of this court's disposition of the earlier appeal had not yet run.
 I {¶ 10} Appellant argues that the court erred in entering summary judgment on the basis that appellees were immune from liability.
 {¶ 11} R.C. 2744.02(B)(1)(b) provides:
 {¶ 12} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 {¶ 13} "Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:
 {¶ 14} "(b) A member of a municipal corporation fire department or any other firefighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or is believed to be in progress, or answering any other emergency alarm and the operation of the vehicle did not constitute willful or wanton misconduct;"
 {¶ 15} Under this statute, appellees are immune from liability, unless Russell's conduct in operating the vehicle was willful or wanton. It is undisputed that he was in the process of answering an emergency alarm at the time of the accident.
 {¶ 16} The trial court properly found that from the evidence presented, reasonable minds could not conclude that Russell's conduct was wanton or willful. In fact, counsel for appellant conceded at oral argument that the trial court correctly found that Russell's conduct could only constitute negligence. Therefore, pursuant to the above cited statute, appellees are immune.
 {¶ 17} Appellant argues that this immunity statute is in conflict with R.C. 4511.041, which provides that the traffic laws do not apply to the driver of an emergency vehicle or public safety vehicle if the vehicle is responding to an emergency call and is equipped with lights and a siren. We disagree. R.C. 4511.041 is a traffic statute, not an immunity statute. Appellees are not asserting that Russell is immune from prosecution for violation of the traffic code. The issues of immunity from civil liability and immunity under the traffic code are two separate and distinct concepts.
 {¶ 18} The assignment of error is overruled.
 II {¶ 19} In its second assignment of error, appellant argues that the court erred in overruling its motion to vacate, as the time for appeal of this court's prior ruling to the Supreme Court had not yet expired.
 {¶ 20} Appellant concedes that this issue has been rendered moot, as the Ohio Supreme Court declined jurisdiction over the appeal from this court's ruling.
 {¶ 21} The second assignment of error is overruled.
 {¶ 22} The judgment of the Stark County Common Pleas Court is affirmed.