OPINION
{¶ 1} Plaintiffs-appellants Terry and Bonnie Carder appeal from a summary judgment rendered against them on their claim against the City of Kettering and one of its police officers, William Aldrich, for damages arising from a motor vehicle accident caused when Aldrich's cruiser collided with the Carders' vehicle. The Carders contend that the trial court erred in determining that Aldrich, at the time of the accident, was responding to an emergency call. They further contend that the trial court erred in finding that their claims are barred by statutory immunity.
 {¶ 2} We conclude that there is no genuine issue of material fact whether Aldrich was responding to an emergency call. However, we conclude that there is a genuine issue of material fact whether Aldrich's conduct was reckless, so that the trial court did err in rendering summary judgment in favor of Aldrich. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 {¶ 3} This case arises from a motor vehicle accident that occurred on June 25, 2001, at the intersection of Stroop Road and Stonehaven Road in Kettering. On that date, Aldrich was patrolling in the vicinity of Bigger Road, when he heard a report on his radio regarding a robbery at a store on South Dixie Drive. The transmission included information that the robbery suspect was on drugs, possibly armed, and fleeing on foot toward a residential area.
 {¶ 4} Although other officers were dispatched to the robbery scene, Aldrich advised dispatch that he was also going to respond to the scene. Aldrich, who was a "bike patrol" officer and carried a bicycle on his cruiser, believed that he could utilize his bicycle to aid in the search for the suspect. Aldrich activated his lights and siren and eventually turned west onto Stroop Road. He was traveling approximately eighty-four miles per hour in an area with a posted speed limit of thirty-five miles per hour.
 {¶ 5} As Aldrich was proceeding on Stroop Road, the Carders were approaching the intersection of Stroop Road and Stonehaven Road. Mr. Carder was driving. He intended to travel south across Stroop Road. Carder stopped his vehicle at the stop sign at the intersection, and looked both ways before proceeding into the intersection. The car windows were up and the air conditioner was on. The Carders did not see Aldrich's lights and did not hear his siren. When the Carders' vehicle entered the intersection, they both saw Aldrich's cruiser approaching. Mr. Carder attempted to clear the intersection, but Aldrich's cruiser collided with the driver's side of the Carder vehicle.
 {¶ 6} Both of the Carders sustained personal injuries as a result of the accident. They subsequently filed suit against the City of Kettering and Aldrich. Following discovery, the City and Aldrich filed motions for summary judgment, which the trial court granted. The trial court found that, at the time of the collision, Aldrich was responding to an emergency call and that his actions were neither reckless nor wanton. The Carders appeal from the summary judgment rendered against them.
 I {¶ 7} The First Assignment of Error states as follows:
 {¶ 8} "The trial court erred in determining aldrich was on an emergency call."
 {¶ 9} The Carders contend that the record demonstrates that Aldrich was not on an emergency call and that the trial court thus erred in rendering summary judgment on this issue. In support, they rely upon our opinion in Horton v. Dayton (1988),53 Ohio App.3d 68, for the proposition that since Aldrich was not dispatched to the robbery scene and had no record of a dispatch in his log the trial court should have found that he was not responding to an emergency call.
 {¶ 10} Our review of the appropriateness of summary judgment is de novo. Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. MentorSoccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370.
 {¶ 11} In Horton, supra, a lawsuit was filed by Horton against the City of Dayton and one of its officers for damages arising from a motor vehicle accident. Id., at 68. The trial court rendered summary judgment in favor of the officer and the City on the grounds that the officer was responding to an emergency call and was consequently immune from liability. Id. The evidence indicates that a dispatch over the radio did occur, but that the officer's radio card did not reference the dispatch. Id., at 72. The evidence further demonstrated that the officer had not activated the lights or siren on his cruiser at the time of the collision. Id. Therefore, we concluded that these facts could support a reasonable inference that the officer was not responding to an emergency call. Id.
 {¶ 12} We find the facts in this case to be distinguishable. First, although Aldrich's log records are not in the record, there does not appear to be any dispute that Aldrich did hear a dispatch over the radio regarding a robbery, and that he was proceeding to that scene to aid in the search for the perpetrator. Second, the Carders do not dispute that Aldrich had activated his lights and siren prior to the collision.
 {¶ 13} "An emergency call is defined as `a call to duty, including * * * police dispatches * * * [to] inherently dangerous situations that demand an immediate response on the part of a peace officer.'" Fitzpatrick v. Spencer, Montgomery App. No. 20067, 2004-Ohio-1940, citing R.C. 2744.01(A). In this case, there is no dispute that a robbery occurred and that Aldrich was attempting to get to that crime scene when he collided with the Carder vehicle. Furthermore, the plaintiffs concede that Aldrich was vested with the discretion to determine whether to respond to the dispatch.
 {¶ 14} Unlike the situation in Horton, supra, there is no evidence in this record that would give rise to any reasonable inference that Aldrich was not responding to an emergency call. The First Assignment of Error is overruled.
 II {¶ 15} The Carders' Second Assignment of Error is as follows:
 {¶ 16} "The trial court erred in deciding, as a matter of law, that aldrich could not be reckless in responding to an emergency call."
 {¶ 17} The Carders contend that the trial court erred in its determination that there is no genuine issue of fact with regard to the issue of whether Aldrich acted recklessly or wantonly at the time of the collision.
 {¶ 18} In Ohio statutory immunity from tort liability is conferred upon police officers for damages caused by the negligent operation of a motor vehicle in the course of responding to an emergency call. R.C. 2744.03(A)(6). Statutory immunity does not apply, however, if the actions of the police officers causing injury are not merely negligent, but are done "with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b).
 {¶ 19} The City of Kettering is vested with statutory immunity for personal injury caused by an employee unless the acts of its employee are willful or wanton. R.C. 2744.02(B)(a). This standard — willful or wanton misconduct — has been held to be the functional equivalent of the wanton or reckless misconduct standard applicable to the determination of statutory immunity for the employee. Hunter v. Columbus (2000),139 Ohio App.3d 962, 969, citing Ruth v. Jennings (1999), 136 Ohio App.3d 370,374-375.
 {¶ 20} We cannot find, from the evidence in this record, that Aldrich's conduct was wanton. Aldrich did activate his lights and siren, he was driving in the passing lane, and he was aware that traffic was light. He did exercise some care toward other motorists on the road, and wanton misconduct involves the failure to exercise any care toward one to whom a duty is owed when the failure occurs under circumstances for which the probability of harm is great and when the probability of harm is known to the tortfeasor. Hunter v. Columbus, supra; Matkovich v. PennCentral Transp. Co. (1982), 69 Ohio St.2d 210, second paragraph of syllabus.
 {¶ 21} Thus, the issue of whether the trial court correctly rendered summary judgment in favor of both Aldrich and the City of Kettering depends upon whether, when the evidence is viewed in a light most favorable to the Carders, a reasonable factfinder could conclude that Aldrich's conduct was reckless.
 {¶ 22} "An individual acts `recklessly' when he `does an act or intentionally fails to do an act which is in his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" Hunter v. Columbus,139 Ohio App.3d 962, 969, citation omitted.
 {¶ 23} In the case before us, the evidence demonstrates that Aldrich had activated his lights and siren well before the collision. The evidence further demonstrates that traffic on Stroop Road has the right-of-way at the intersection where the collision occurred, and that the light bar on a police cruiser is observable for more than 433 feet from the Carders' position at the stop sign. The evidence also shows that traffic on Stroop Road at the time was light, and that Aldrich was driving in the left-hand lane of westbound traffic. Aldrich testified that he observed the Carders stopped at the stop sign as he approached an intersection at which he had the right of way. A reasonable person in his situation could assume that the Carder vehicle would not proceed to pull out in front of a police cruiser that is traveling with its lights and siren activated.
 {¶ 24} However, the facts also demonstrate that Aldrich was traveling over eighty miles per hour in a thirty-five miles per hour zone that is essentially residential. He was traveling so fast that he had less than two seconds from the moment that he hit his brakes to the impact. Furthermore, he was traveling up a hill that limited his visibility and, more importantly, the visibility of motorists, like the Carders, on the other side of the hill. The Carders testified that they did not see the cruiser until seconds before the collision, after they had begun to enter the intersection where the collision occurred. This testimony is in conflict with the testimony of Aldrich, who testified that when he saw the Carders, after passing over the rise of the hill, their car was not moving. The respondents to a motion for summary judgment are entitled to have any conflicts in the evidence resolved in their favor. They are also entitled to all reasonable inferences arising from the evidence. A reasonable inference arising from the Carders' testimony that they did not see Aldrich's cruiser until after they had begun to enter the intersection is that Aldrich's cruiser did not pass over the rise of the hill until then, and the Carders were already entering the intersection when Aldrich first was in a position to see their car, despite Aldrich's testimony to the contrary. It would be the province of a jury to resolve this conflict in the evidence.
 {¶ 25} We conclude, based upon Aldrich's speed, the limited visibility and the residential character of the area, that a reasonable juror could find that Aldrich's actions rose to the level of recklessness. We further conclude that if a reasonable juror were to resolve the conflict in the evidence noted in the preceding paragraph in favor of the Carders, that juror could reasonably conclude that Aldrich's recklessness was a proximate cause of the collision. Therefore, we find that a genuine issue of material fact exists with regard to this issue, and the trial court erred by rendering summary judgment.
 {¶ 26} The Second Assignment of Error is sustained.
 III {¶ 27} The Second Assignment of Error having been sustained, and the First Assignment of Error having been overruled, the judgment of the trial court is Reversed, and this cause is remanded for further proceedings consistent with this opinion.
Brogan and Grady, JJ., concur.